Susan Robson Marion County Attorney P.O. Box 126 Marion, Kansas 66861
Dear Ms. Robson:
As Marion County Attorney you request our opinion regarding whether Marion County may use, for other county purposes, data that was initially developed in the implementation of a wireless enhanced 911 service.
K.S.A. 2005 Supp. 12-5323 establishes the wireless enhanced 911 grant fund. "Subject to the conditions and in accordance with requirements" of the Wireless Service Act,[1] moneys credited to the fund are to be used only for administrative costs and to provide grants "only for necessary and reasonable costs incurred" for the following:
"(1) Implementation of wireless enhanced 911 service;
 "(2) purchase of equipment and upgrades and modification to equipment used solely to process the data elements of wireless enhanced 911 service; and
 "(3) maintenance and license fees for such equipment and training of personnel to operate such equipment, including costs of training PSAP [public safety answering point] personnel to provide effective service to all users of the emergency telephone system who have communications disabilities."[2]
Grant monies are specifically prohibited from being used for "expenditures to lease, construct, expand, acquire, remodel, renovate, repair, furnish or make improvements to buildings or similar facilities or for other capital outlay or equipment not expressly authorized by [the wireless service] act."[3]
Marion County applied for and received an enhanced 911 services grant under the first authorized use of grant money, i.e., for implementation of wireless enhanced 911 service.[4] In order to receive the grant funds, Marion County was required to enter into an additional agreement with a special condition prohibiting the county from using 911 data stored on the county appraiser's computer for any purpose other than emergency communications.
According to information provided to us, the purpose for which Marion County sought the grant was to develop the data base that pinpoints the location of wireless calls received in the emergency dispatch center. The data base would be integrated into the current county appraiser computer system and no equipment would be purchased with the grant funds.
Marion County also informs us that the 911 data is a sophisticated computer method of describing a geographic location, known as a geographic information system or GIS. This data, Marion County asserts, could be useful to various county departments, such as the appraiser's office, the public works department, the county election office and possibly other county departments with mapping needs. No additional costs would be incurred for the data to be used by other county departments or agencies.
Pursuant to the Wireless Service Act, the secretary of administration[5] is authorized to enter into contracts "in accordance with the provisions of this act."[6] The legal issue thus is whether the special condition required of Marion County that prohibits the sharing and use of 911 data with other county departments is "in accordance with" the Act.
As indicated, the first proviso of K.S.A. 2005 Supp.12-5323(c)(2) authorizes grant money to be used for implementation of wireless enhanced 911 service and does not address any additional use of 911 data once a wireless enhanced 911 service has been implemented. This contrasts with the authorized expenditure of grant funds in the second proviso, for equipment, in which the statute specifically states, "purchase of equipment and upgrades and modifications to equipment usedsolely to process the data elements of wireless enhanced 911 service."[7]
Because the Act is silent on the issue of additional use of data once the 911 enhanced system has been implemented, in our opinion the contractual prohibition applicable to Marion County falls outside the parameters of the Act and thus is not in accordance with the Wireless Service Act. We therefore believe that the special contractual provision is voidable and unenforceable. Accordingly, in our opinion, Marion County may use data, initially developed to implement a wireless enhanced 911 service, for other county purposes. This conclusion would be different if a county received wireless enhanced 911 funds to purchase equipment, or to upgrade or modify equipment to process data elements of an enhanced 911 service.
Sincerely,
 Phill Kline Attorney General
 Camille Nohe Assistant Attorney General
PK:JLM:CN:jm
[1] K.S.A. 2005 Supp. 12-5321 et seq.
[2] K.S.A. 2005 Supp. 12-5323(c)(2).
[3] K.S.A. 2005 Supp.12-5323(c)(2).
[4] Marion County did not apply for nor receive grant funds for the second authorized use, i.e., purchase, upgrades or modifications to equipment, or for the third authorized use,i.e., equipment maintenance, license fees or personnel training.
[5] We understand that the secretary of administration has delegated this authority to the Governor's Federal and Other Grants Programs to manage and administer the wireless enhanced 911 grant fund.
[6] K.S.A. 2005 Supp. 12-5325(a).
[7] K.S.A. 2005 Supp. 12-5323(c)(2).